Edward G. Baker, J.
Plaintiff sustained personal injuries as a result of having been cut or slashed in the region of his back with a knife or other sharp instrument wielded by one Milton Washington. At the time, plaintiff was standing at the bar in a tavern owned and operated by the defendant. He had been at the bar for approximately 45 minutes, standing between Washington and one Porter. During that period, the bartender served Washington with four or five drinks of whiskey with beer “ chasers.” He became boisterous, profane and argumentative. The bartender instructed him to sit down and be quiet. An argument arose between Washington and Porter. Plaintiff observed what he described as a ‘ ‘ flashing instrument ” in Washington’s right hand. He was slashed or cut across the back. The wounds required 68 sutures and have left permanent scars.
The evidence justifies the conclusion that Washington was intoxicated, and that the liquor sold to him by defendant’s bartender during the 45 minutes after the arrival of plaintiff, was sold after his intoxication was apparent. The sale of the liquor, in these circumstances, was unlawful (Alcoholic Beverage Control Law, § 65, subd. 2) and gave rise to a right of action under section 16 of the Civil Bights Law which is the statute under which this action is brought.
The statute provides, in part, ‘‘ Any person who shall be injured in person * * * by any intoxicated person, or by reason of the intoxication of any person * * * shall have a right of action against any person who shall, by unlawfully selling [liquor] to * * * such intoxicated person, have caused or contributed to such intoxication ”.
There is proof in the case which supports defendant’s claim that plaintiff’s injuries were sustained as a result of his intercession in an effort to end an altercation between Washington and Porter. It is not contended, however, nor has it been proven, that he was a participant in the altercation. His intercession, under the circumstances here, is not a bar to recovery under the statute. (See Daggett v. Keshner, 284 App. Div. 733, 737-739. There, the Appellate Division, First Department, was concerned with a civil action brought pursuant to the provisions of Administrative Code of City of New York, § C19-153.0. However, the court’s discussion of the subject of proximate cause in connection with statutes imposing civil liability such as that in the instant case, is apposite.)
*633 Plaintiff is entitled to judgment against the defendant for the injuries sustained and consequent pain and suffering in the sum of $4,500. The evidence fails to support plaintiff’s claim that the hepatitis and the sequelae thereof were causally-connected with the injuries inflicted by Washington. Judgment is directed for the plaintiff accordingly. The above constitutes the decision of the court pursuant to section 440 of the Civil Practice Act.